CHARLES M. MORRISON *vs.* WHITTIER MACHINE COMPANY.

Suffolk.    March 13, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* Employer's liability.

In an action by a workman in a foundry against his employer for injuries from the breaking of a rope which a fellow workman had used to attach an iron plate to a travelling crane, it appeared, that each workman when attaching articles to the crane used the chain, strap or rope which he chose for the purpose, that no special place was provided for keeping these appliances and that they commonly were left on the floor which was likely to be wet and more or less full of sand, but it did not appear that the rope in question or any appliances had been injured in this way. There was a superintendent in charge. *Held,* that if the rope was chosen negligently this was the act of a fellow servant for which the defendant was not liable, and that the fact that the superintendent did not prevent workmen from leaving chains, straps and ropes on the floor when not in use or from using ropes for purposes for which they were not suitable, was not evidence of negligence on his part.

TORT, by a helper in the defendant's foundry, for injuries from an iron plate falling upon him in consequence of the breaking of a rope by which it was attached to an electric crane. Writ dated September 22, 1894.

In the Superior Court the case was tried before *Blodgett,* J. The defendant offered no evidence, and the judge ruled that upon all the evidence the plaintiff could not recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions, which after the resignation and death of *Blodgett,* J. were allowed by *Sheldon,* J.

*W. A. Buie,* (*H. F. Naphen* with him,) for the plaintiff.

*H. E. Warner,* for the defendant.

BARKER, J.   The plaintiff was hurt in consequence of the breaking of a rope which a fellow workman had taken and used to attach an iron plate to a travelling crane in the defendant's foundry.   The evidence tended to show that there were in the foundry divers chains, straps and belts of leather, and ropes of different materials provided for the use of the workmen in attaching to the crane different articles to be by it lifted or moved, and that each workman chose the chain, strap or rope which he used for the task in hand.   The rope which broke was of cotton and had been procured to use in lifting a core of comparatively soft material which might be injured by the use of a chain, and upon which a hemp rope of larger diameter could not be used because it could not be withdrawn from under or around the core when the core had been put in place.   The evidence did not tend to show that the cotton rope was in any way unsuitable for the use for which it was put in the foundry, where it had been for six or seven weeks before the accident.   Leather straps also were suitable for the lifting of cores and the evidence showed that such straps were provided for that purpose.   It also showed that chains of different sizes were provided for use in lifting and carrying by means of the crane other heavy articles than cores, and the whole evidence would not justify a finding that there was any negligence on the part of the defendant in providing or in keeping on hand a sufficient and suitable supply of ropes, belts and chains from which the workmen could at will select proper ones for the different articles to be lifted or moved. The rope which broke was applied of his own choice by the fellow workman in charge of the iron plate to the use of attaching the plate to the crane, and probably negligently so applied as the chains were more suitable for that purpose.   But if this use of the rope was negligent the negligence was that of a fellow servant.

The evidence tended to show that no special place in the foundry was provided for keeping chains, belts or ropes when not in use, and that such utensils were commonly left on the floor of the foundry by the workmen when through using them, and that the floor was likely to be wet and to be more or

less full of sand, and the plaintiff contends that this state of things was evidence to be submitted to the jury upon the question whether the defendant used due diligence to furnish and keep on hand safe and suitable appliances.    There was no evidence that the rope which broke or any of the utensils provided for such uses had been damaged by reason of the want of a special place for keeping them when not in use, or by allowing them to be on the floor of the foundry when not in use.    We think there was nothing in this aspect of the case which required its submission to the jury.

Nor do we think that the fact that there was a superintendent in charge and that he did not prevent the workmen from leaving chains, belts, straps or ropes on the floor when not in use, and did not prevent the workmen from using this or other ropes for purposes for which they were not procured or suitable was evidence of negligence on his part which required the submission of the case to the jury.    So close an oversight and control of workmen by a superintendent is not necessary and would not be practicable, and is not required by due care.

*Exceptions overruled.*